UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **GARY L. SPEARS** | : | **CIVIL ACTION NO. 21-cv-1868** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **CITY OF SULPHUR** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Pursuant to the power of the court to manage and administer its own affairs to ensure the orderly and expeditious disposition of cases, it is the **RECOMMENDATION**, issued *sua sponte*, that this matter be **DISMISSED WITH PREJUDICE** for plaintiff's failure to prosecute and failure to follow the rules and orders of this court.

This suit was filed June 28, 2021, on behalf of plaintiff who was represented by counsel. Plaintiff claimed that defendant, the City of Sulphur, was liable to him for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 1201, *et seq.* Doc. 1. Defendant answered [doc. 5] and a scheduling conference was set to be heel on January 6, 2022.

Two days following issuance of the order setting the scheduling conference, counsel for plaintiff moved to withdraw. Doc. 7, replaced by doc. 9. That motion was set for hearing to be held telephonically on November 5, 2021. Doc. 10. The order setting the hearing instructed counsel seeking to withdraw to secure the participation of plaintiff in that proceeding. The hearing was held and, according to the minutes of the hearing in which plaintiff personally participated, plaintiff was instructed as follows:

> It was explained to Mr. Spears that, upon our granting the Motion to Withdraw, he will be representing himself. Unless and until he obtains new counsel, it is plaintiff's responsibility to be certain that all counsel and the clerk of court have current contact information for him. Further, it is his responsibility to be certain that he follows all court orders, local rules, and rules of procedure, including participation in any court proceeding for which he is noticed to appear and participate including the court's telephonic scheduling conference set for 1/6/2022 at 1:30 p.m. Neither opposing counsel, chambers, nor the clerk of court can give plaintiff legal advice. Plaintiff was cautioned that his failure to participate appropriately in any court proceeding or failure to follow court orders, local rules, and rules of procedure could result in his being sanction by the court, which sanctions could include dismissal of his complaint.

Doc. 11. As indicated in those minutes, plaintiff stated he understood these instructions, he had no questions, the motion was granted, and plaintiff was instructed once again of the need for him to participate in the scheduling conference set for January 6, 2022. According to the record, these minutes were mailed to the defendant at the address listed for him.

Plaintiff failed to call in to the scheduling conference as instructed. Doc. 13. Accordingly, the scheduling conference was reset for January 20, 2022, at 11:00 a.m. in open court. Through the minutes of the proceeding plaintiff was "placed on notice that his failure to appear on this date at this time in open court will result in a Report and Recommendation being issued to the district court that his case be dismissed for his failure to abide by court orders and/or prosecute this case." *Id.* Plaintiff did not appear in court on the specified date and time; however, it appears from the record that a copy of the minutes compelling his attendance was never mailed to him. Consequently the conference was set yet again for February 10, 2022, at 10:00 a.m. Doc. 14. The minutes of that proceeding were mailed to the plaintiff as per the docket sheet.

Plaintiff did not appear on February 10, 2022.

Rule 41(b) of the Federal Rules of Civil Procedure:

> allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute. *Morris v. Ocean Systems,* 730 F.2d 248, 251 (5th Cir.1984); *Rogers v. Kroger Co.,* 669 F.2d

> 317, 319–20 (5th Cir.1982). This authority is based on the "courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962).

*Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190–91 (5th Cir.1992). Despite being specifically instructed by the undersigned to participate in scheduling conferences to that the matter may be set for trial thus disposed of in an orderly and expeditious matter, plaintiff has failed to do so.

It is for this reason that we **RECOMMEND** to this district court that it exercise its inherent authority to do so and that this matter be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 10th day of February, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE